UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KHAWJA NURJAHAN,

                *Plaintiff*,

  -against-

U.S. DEPARTMENT OF STATE, U.S. EMBASSY IN DHAKA, BANGLADESH, ANTHONY BLINKEN, SECRETARY, U.S. DEPARTMENT OF STATE, AND PETER HAAS, AMBASSADOR, U.S. EMBASSY IN DHAKA, BANGLADESH,

                *Defendants*.

22-CV-2692 (ARR)

NOT FOR ELECTRONIC OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff Khawja Nurjahan brings this action against the United States Department of State, the United States Embassy in Dhaka, Bangladesh, Secretary of State Anthony Blinken, and Ambassador Peter Haas (collectively, "defendants") in connection with defendants' failure to adjudicate a visa application filed by Nurjahan's sister, Nasrin Jahan, a citizen of Bangladesh. Plaintiff claims that defendants violated the Administrative Procedure Act ("APA") and the Due Process Clause of the Fifth Amendment and seeks mandamus and declaratory relief. Before me is defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, the motion to dismiss is granted.

**BACKGROUND**[1]

Plaintiff filed an I-130 Petition for Alien Relative ("I-130 petition") on behalf of her sister on December 29, 2006. Compl. ¶¶ 11, 13, ECF No. 1. As a result, December 29, 2006, became the

---

[1] The statutory and regulatory framework governing the issuance of immigrant visas is summarized in defendants' memorandum of law in support of their motion to dismiss, familiarity with which is assumed. Defs.' Mem. of L. in Support Mot. Dismiss ("Defs.' Mot.") 2–6, ECF No. 13-1.

"priority date" of Jahan's visa application. Decl. of Chloe Peterman ("Peterman Decl.") ¶ 3, ECF No. 13-2.[2] The complaint states that U.S. Citizenship and Immigration Services ("USCIS") "purportedly approved" the I-130 petition on February 3, 2010, and that the "case should have then been sent to the National Visa Center" but that "[t]o date, Defendants have not taken any action Plaintiff's I-130 Application." Compl. ¶¶ 15–17.[3] Defendants' declaration states that the I-130 petition was approved in February 2010 and forwarded to the National Visa Center ("NVC"), which created a case for the application on September 26, 2019. Peterman Decl. ¶ 4. A visa number for applications from siblings of U.S. citizens with a priority date of December 29, 2006, became available on November 1, 2020, and then again on July 1, 2021. *Id.* ¶ 6.

## LEGAL STANDARD

Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The principal difference between the 12(b)(1) and 12(b)(6) analysis is the extent I can look beyond the pleadings. In reviewing a complaint for lack of subject matter jurisdiction under Rule 12(b)(1), I must "accept[] as true all material [factual] allegations of the complaint" and "draw[] all reasonable inferences in favor of the plaintiff," but I also may consider evidence outside the pleadings submitted by either party. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016) (citation omitted). In deciding a motion to dismiss under Rule 12(b)(6), on the other hand, I must also accept all factual allegations as true and must draw all reasonable inferences in

---

[2] Because I may consider evidence outside the pleadings on a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, I refer to defendants' motion and accompanying declaration to clarify the procedural background of this case.

[3] Plaintiff's brief opposing the motion to dismiss confirms that USCIS did in fact "approve[] Ms. Nurjahan's I-130 visa petition on February 3, 2010," Pl.'s Opp'n to Mot. to Dismiss ("Pl.'s Opp'n") 3, ECF No. 15, so I assume the complaint's statement that no action has been taken on plaintiff's "I-130 Application" is a reference to the visa application, rather than the I-130 petition.

2

plaintiff's favor, *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 113 (2d Cir. 2013), but may only "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint," *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

### I. The APA Claim is Barred by the Doctrine of Consular Nonreviewability.

Defendants argue that I lack subject matter jurisdiction over plaintiff's APA claim due to the doctrine of consular nonreviewability. Defs.' Mot. 9. The doctrine of consular nonreviewability refers to the principle that federal courts generally lack jurisdiction over claims regarding the adjudication of visa applications. *Am. Acad. of Religion v. Napolitano*, 573 F.3d 115, 123 (2d Cir. 2009); *see also Wan Shih Hsieh v. Kiley*, 596 F.2d 1179, 1181 (2d Cir. 1978) ("[N]o jurisdictional basis exists for review of the action of the American Consul . . . suspending or denying the issuance of immigration visas . . . ."). "The Second Circuit has expressed doubt as to whether the doctrine rests on a lack of 'subject matter jurisdiction' in a formal sense, and has instead suggested that it may involve a withdrawal of such jurisdiction or even prudential concerns." *Gogilashvili v. Holder*, No. 11-CV-1502 (RRM), 2012 WL 2394820, at *3 (E.D.N.Y. June 25, 2012) (citing *Am. Acad. of Religion*, 573 F.3d at 123). Whatever the basis for the doctrine, "it is settled that the judiciary will not interfere with the visa-issuing process." *Hsieh*, 569 F.2d at 1181. This doctrine is rooted in basic principle that Congress has plenary power "to exclude aliens together from the

United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention." *Id.* (quoting *Kleindienst v. Mandel*, 408 U.S. 753, 766 (1972)).

Plaintiff acknowledges the doctrine of consular nonreviewability, but argues that the doctrine does not bar consideration of whether defendants unreasonably delayed in adjudicating a visa application. Pl.'s Opp'n. 8. This distinction between a visa decision and the delay of a visa decision is recognized by some out-of-circuit precedent. *See, e.g.*, *Patel v. Reno*, 134 F.3d 929, 931–32 (9th Cir. 1997) ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review. However, when the suit challenges the authority of the consul to take or fail to take an action as opposed to a decision taken within the consul's discretion, jurisdiction exists." (citations omitted)). That said, "[i]n this Circuit, the doctrine of consular nonreviewability applies not only when a plaintiff challenges an official's discretionary decision to approve or deny a visa application, but also where a plaintiff seeks to compel an official to simply adjudicate a visa application." *Abdo v. Tillerson*, No. 17-CV-7519 (PGG), 2019 WL 464819, at *3 (S.D.N.Y. Feb. 5, 2019) (quotation omitted).

The doctrine of consular nonreviewability applies in this case. The complaint indicates a long gap between approval of the I-130 petition in February 2010 and the creation of a case by the NVC in September 2019, but a visa number for siblings of U.S. citizens with a priority date of December 29, 2006, has only been available since July 1, 2021—and a visa number is required to schedule an interview with a consular officer. Peterman Decl. ¶ 6; Def.'s Mot. 5. The length of the application process for a sibling visa therefore seems predominantly determined by demand outstripping the supply authorized by Congress. *See* 8 U.S.C. § 1153(a)(4). Where visa applications exceed available visas, applicants are placed in a visa queue by priority date, after

4

which point the scheduling of interviews is influenced in part by government priorities, country conditions, and geopolitical considerations. 8 U.S.C. § 1153(e); 22 C.F.R. § 42.54; Defs.' Reply Mem. in Support Mot. Dismiss 6 & n.3, ECF No. 17. It would undoubtedly "interfere with the visa-issuing process" to issue an order moving plaintiff to the front of the queue. *Hsieh*, 569 F.2d at 1181. According, consular nonreviewability precludes consideration of plaintiff's APA claim.[4]

## II. Plaintiff Fails to State a Due Process Claim.

The Due Process Clause of the Fifth Amendment provides in relevant part that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. To bring a successful procedural due process claim, a plaintiff must, at the outset, demonstrate they have a liberty or property interest protected by the Constitution. *Yuen Jin v. Mukasey*, 538 F.3d 143, 156–57 (2d Cir. 2008). "To have a property interest in a benefit, a person . . . must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). There is no legitimate claim of entitlement to a benefit "if government officials may grant or deny it in their discretion." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005).

Plaintiff's complaint provides only conclusory allegations that defendants have failed to "provide a reasonable and just framework of adjudication" and that the resulting delay "has violated the due process rights of [p]laintiff." Compl. ¶¶ 29–30. Plaintiff fails to plausibly allege that she has been deprived of a protected interest due to the denial of procedural protections to which she was entitled. Accordingly, plaintiffs' due process claim must also be dismissed.

---

[4] Because there are no disputed issues of fact relevant to the issue of consular nonreviewability, plaintiff's request for an evidentiary hearing is denied. *See* Pl.'s Opp'n 4.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated:	April 13, 2023
	Brooklyn, New York